IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCIS J. SAVARIRAYAN, a a Veteran Commanding Officer of the United States Air Force, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 4723 |
| BLUE CROSS BLUE SHIELD OF ILLINOIS, DOES 1-4, MARTIN & MILLER LAW FIRM, Attorneys for Blue Cross Blue Shield of Tennessee, BRIAN CUMMINGS, BLUE CROSS BLUE SHIELD OF TENNESSEE, and NEIL BRUNETZ, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

According to the well-pleaded allegations of the Amended Complaint,

which this court takes as true for purposes of ruling on the pending motions to

dismiss, *pro se* plaintiff Francis J. Savarirayan[1] is a Board-certified urological

---

[1]Plaintiff denominated this case as a class action and indicates in his response to the motions to dismiss that he is acting on behalf of a class. The case, however, has not been certified as a class action; it is only a putative class action. The case was filed in July 2010. Plaintiff initially represented that he would be retaining counsel, but has been unable to do so. At this point, class certification

surgeon. He was born in India in 1937, graduated from a medical school outside

the United States, and is currently a United States citizen residing in Illinois. He is

still a licensed physician, but does not currently practice medicine. Plaintiff

practiced in Illinois from 1975 to 1991 and in Tennessee from 2003 to 2004.

Plaintiff has a dark complexion. Plaintiff alleges that defendants Blue Cross Blue

Shield of Tennessee ("BCTN") and Blue Cross Blue Shield of Illinois ("HCSC")[2]

discriminate against foreign medical school graduates, most of whom are non-

White and foreign born. He contends this is discrimination based on race, color,

and national origin. Distinct from his putative class allegations, plaintiff contends

the BCs have discriminated against him and others (who purportedly will later be

added as named plaintiffs) based on age. The alleged discrimination includes, as

compared to White, United States-born physicians, being  providing lower

_____

will be denied because adequate representation of a class cannot be provided by a
*pro se* litigant. *See* Fed. R. Civ. P. 23(a)(4); *Kyles v. Mathy*, 2010 WL 3024494
*2 (C.D. Ill. Aug. 2, 2010); *Johnson v. Chicago Public Sch.*, 2010 WL
2891629 *2 (N.D. Ill. July 20, 2010); *Jagla v. LaSalle Bank*, 2006 WL
1005728 *4 (N.D. Ill. April 12, 2006). The claims of the putative class will be
dismissed without prejudice and the pending motions to dismiss will only be
considered as regards plaintiff's individual claims.

    [2]The proper name of the Illinois Blue Cross entity is Health Care
Service Corporation. The two Blue Cross organizations will be referred to
collectively as the "BCs."

reimbursement rates, delaying the processing of physician applications to participate in Blue Cross, and delaying payment on reimbursable claims. Plaintiff labels his claims as being pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[3] Also named as defendants are the law firm Martin & Miller PLLC and one of its attorneys, Neil Brunetz (collectively, the "Martin Defendants"). Brian Cummings, also an attorney but not part of Martin & Miller, is also named as a defendant. The attorneys represented BCTN in cases brought by and against Dr. Savarirayan. The attorneys allegedly engaged in misconduct, including destroying or altering court records and making campaign donations to state court judges assigned the cases. Plaintiff, however, does not denominate any separate claim against the attorneys based on such conduct. Plaintiff's only denominated claims are the Title VII discrimination claims.

Defendants have filed three separate motions to dismiss raising various grounds for dismissal. To the extent the argument of any defendant also applies to another defendant, the argument will be considered as regards all applicable

---

[3]A statutory claim for age discrimination in employment would be pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

defendants. BCTN argues there is no personal jurisdiction over it in Illinois, venue is improper in Illinois, the Title VII claim is untimely because the EEOC charge was not brought within 300 days, and *res judicata* bars the claims based on judgments in two Tennessee court cases. HCSC argues the Title VII and ADEA claims are untimely because there was no timely EEOC charge and the Title VII and ADEA claims fail because HCSC is not plaintiff's employer. Miller & Martin and Brunetz argue personal jurisdiction is lacking over them, no basis is stated for bringing the denominated Title VII claims against them, venue is improper in Illinois, and no claim is stated against them.[4]

Under federal pleading standards, plaintiff's allegations "must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

---

[4]Cummings has not answered the complaint nor moved to dismiss it. Plaintiff filed a return of service for Cummings (Docket Entry 21). However, the return shows that Cummings was served in Tennessee by certified mail. Such service is inadequate. *See* Fed. R. Civ. P. 4(e); 735 ILCS 5/2-203(a), 2-208(b); *Reynolds v. CB Sports Bar, Inc.*, 2008 WL 4792704 *2 (S.D. Ill. Oct. 30, 2008), *rev'd on other grounds*, 623 F.3d 1143 (7th Cir. 2010). Plaintiff was previously informed that he had to timely serve defendants. *See* Docket Entry 9. The claims against Cummings will be dismissed without prejudice for lack of timely service. Fed. R. Civ. P. 4(m). Even if not dismissed for lack of service, Cummings would be dismissed from this action for the same reasons that Brunetz is being dismissed.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010). In assessing the sufficiency of a complaint, the court accepts all factual allegations as true, but need not accept the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. Since plaintiff is *pro se*, his allegations must be construed liberally. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

As long as they are consistent with the allegations of his Amended Complaint, plaintiff may assert additional facts in his response to the motion to dismiss. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000); *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000); *United States v. Mw. Generation, LLC*, 2011 WL 1003916 *15 (N.D. Ill. March 16, 2011); *Williams v. Macklin*, 2008 WL 4696136 *3 (N.D. Ill. Oct. 23, 2008); *Warren v. Peterson*, 2008 WL 4411566 *1 (N.D. Ill. Sept. 25, 2008). Under federal pleading rules, plaintiff is not limited to nor bound by the legal characterizations of his claims contained in the Amended Complaint. A claim can survive as long as the facts alleged would support relief. *See McCullah v. Gadert*, 344 F.3d 655, 659 (7th Cir. 2003); *Forseth*, 199 F.3d at 368; *Kirksey v. R.J. Reynolds Tobacco Co.*,

168 F.3d 1039, 1041 (7th Cir. 1999); *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, ____, 2010 WL 4260085 *3 n.8 (E.D. Wis. 2010).  In response to a motion to dismiss, the legal basis for a claim must be identified and a sufficient legal argument made in support of it.  *Kirksey*, 168 F.3d at 1041-42; *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005); *Hays v. Bardasian*, 615 F. Supp. 2d 796, 798-99 (N.D. Ind. 2009).  Plaintiff, though, is proceeding *pro se*, so he is given some leeway as to the legal arguments he makes.  See *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

In response to the Martin Defendants' motion to dismiss, plaintiff makes no argument that, against these defendants, he is bringing a claim distinct from the Title VII discrimination claims.  He also alleges no facts nor does he make any argument linking these defendants to the discrimination claims.  He does allege that they represented BCTN in litigation in which he accused BCTN of engaging in discrimination.  That, however, does not make them liable for discrimination against foreign-educated physicians that BCTN allegedly engaged in.[5]  The claims against the Martin Defendants will be dismissed.

---

[5]As is further discussed below, only employers are liable under Title VII and the ADEA.  Even if BCTN were to be considered plaintiff's employer, BCTN's litigation attorneys would not be considered plaintiff's employers. See *Hoffman v. Fermilab Nal/Ura*, 205 F. Supp. 2d 900, 905 (N.D. Ill. 2002).

Title VII and the ADEA prohibit discrimination by an employer against an existing or prospective employee. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(a)(1); *Thompson v. N. Am. Stainless, LP*, 131 S. Ct. 863, 867 (2011). Plaintiff's claims against the BCs concern reimbursement contracts, not contracts of employment. Since the alleged discrimination did not involve the BCs acting as plaintiff's employer, plaintiff has no claim against them under Title VII or the ADEA. *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 805-06 (7th Cir. 1999). Contrary to plaintiff's assertion, the BCs were not plaintiff's de facto employer and he does not allege facts supporting such an assertion. *See Kerr v. WGN Cont'l Broad. Co.*, 229 F. Supp. 2d 880, 886 (N.D. Ill. 2002); *Conn v. U.S. Steel Corp.*, 2010 WL 1382338 *4 (N.D. Ind. March 30, 2010).[6] Plaintiff has no cognizable Title VII or ADEA claim.

Plaintiff does not cite to any legal basis for his claim other than Title VII.[7] Plaintiff, however, is proceeding *pro se*. The appropriate statutory

---

[6]Plaintiff also asserts that the EEOC, after careful consideration, concluded the BCs were his employers. This court would not be bound by such a determination. In any event, no such determination was made. As to each of his administrative charges, the EEOC issued a notice of right to sue based on its inability to make a determination within 180 days. The EEOC did not make any substantive findings or rulings. *See* Pl. Response [60] Exh. 6-7.

[7]HCSC, not plaintiff, cited to the ADEA as the statutory basis for an age discrimination claim.

basis for a claim of race, color, or national origin discrimination related to a contract and not involving state actors is 42 U.S.C. § 1981.[8] However, a two-year statute of limitation period applies to § 1981 claims. *Walker v. Abbott Labs.*, 340 F.3d 471, 474 (7th Cir. 2003). Plaintiff expressly alleges that the discrimination by BCTN occurred in 2003 and 2004 and that he has lived in Illinois since 2007. He has no timely § 1981 claim against BCTN.[9] As to HCSC, plaintiff alleges he practiced medicine in Illinois from 1975 to 1991, which is well outside the limitation period. He also expressly alleges that he has been advised not to apply to HCSC for approval for reimbursement until after this litigation is completed. Since returning to Illinois in 2007, he has not sought to practice in Illinois nor to be a physician approved for reimbursement by HCSC. Plaintiff has no § 1981 claim against HCSC based on any discrimination occurring within the last two years.

_____

[8]Section 1981 does not apply to age discrimination. *Fletcher v. United Parcel Serv. Local Union 705*, 155 F. Supp. 2d 954, 959 (N.D. Ill. 2001).

[9]Even if the four-year "catch-all" provision of 28 U.S.C. § 1658 applies to any aspect of plaintiff's § 1981 claims, *see Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004), any § 1981 claims would still be untimely. To the extent Tennessee law is incorporated for the claims against BCTN, the limitation period is one year. See *Anthony v. BTN Auto. Sealing Sys., Inc.*, 339 F.3d 506, 512 (6th Cir. 2003).

For the foregoing reasons, judgment will be entered in favor of defendants. It is unnecessary to consider the other grounds raised by defendants and no opinion is expressed regarding the other contentions.

IT IS THEREFORE ORDERED that defendants' motions to dismiss [38, 40, 45] are granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's individual cause of action with prejudice except that the claim against defendant Brian Cummings is dismissed without prejudice due to lack of service. Claims of the putative class are dismissed without prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: APRIL 7 , 2011